STATE OF NORTH CAROLINA v. ALFRED RAY VANCE

No. 8921SC705

(Filed 3 April 1990)

1. **Automobiles and Other Vehicles § 113.1; Homicide § 21.7 (NCI3d)— death in auto accident—intoxicated defendant— identity of defendant as driver—sufficiency of evidence of second degree murder**

In a prosecution of defendant for second degree murder, evidence was sufficient to prove that defendant was driving the vehicle at the time of the accident, to prove that defendant was at fault in causing the collision, and to give rise to a legitimate inference of malice where the evidence tended to show that the car involved in the accident was defendant's car to drive; defendant was driving when he and another person left a friend's house only 15 minutes before the collision

occurred; the passenger side of defendant's car had the most extensive damage and defendant's companion rather than defendant was thrown from the vehicle and died from injuries sustained in the crash; defendant's blood alcohol level was still over the legal limit two and one-half hours after the time of the accident; the point of impact was in the westbound lane, while defendant had been traveling east; there was a strong smell of alcohol noticed on defendant's breath at the scene of the accident; and defendant drove his vehicle while intoxicated, at night, and at a high rate of speed.

**Am Jur 2d, Automobiles and Highway Traffic §§ 338, 383, 384.**

2. **Automobiles and Other Vehicles § 113.1; Homicide § 21.7 (NCI3d) — death resulting from injuries in auto accident — year and a day rule inapplicable**

In a prosecution for second degree murder arising from an automobile accident where the victim did not die until fourteen months after the accident, the "year and a day" rule did not require dismissal of the case against defendant, since the evidence in this case was sufficient to support the conclusion that the victim's death was the proximate result of injuries he received in the collision.

**Am Jur 2d, Homicide § 14.**

3. **Criminal Law § 1189 (NCI4th) — sentence aggravated for prior convictions — joinable offenses not included**

There was no merit to defendant's contention that the trial court erred by aggravating defendant's sentence for second degree murder on the basis of prior convictions for joinable offenses for which defendant had been sentenced previously, since defendant's prior convictions for breaking and entering, larceny, carrying a concealed weapon, and possession of stolen goods supported the trial judge's finding of an aggravating factor for sentencing purposes.

**Am Jur 2d, Criminal Law §§ 598, 599; Homicide §§ 552, 554.**

4. **Criminal Law § 1079 (NCI4th) — defendant sentenced to greater than presumptive term — aggravating and mitigating factors properly considered**

There was no merit to defendant's contention that the trial court considered improper factors in sentencing defendant

to greater than the presumptive term for second degree murder where the trial judge properly found one aggravating factor and no mitigating factors, and then imposed a sentence only five years greater than the presumptive term but thirty years less than the maximum term for second degree murder.

**Am Jur 2d, Criminal Law §§ 598, 599; Homicide §§ 552, 554.**

APPEAL by defendant from *Freeman, Judge.* Judgment entered 2 February 1988 in Superior Court, FORSYTH County. Heard in the Court of Appeals 7 February 1990.

Defendant was charged in a proper bill of indictment with second degree murder in violation of G.S. 14-17 for the death of Lanny Lee Bradley. Evidence presented at trial tends to show the following:

At approximately 5:00 p.m. on 10 March 1987, defendant drove his 1974 Chevrolet Nova to the Friendly Inn on Old Lexington Road. Accompanying defendant were Bobby Lee Jarvis and Bobby Caddell. While at the Friendly Inn, defendant had at least three to four beers. At about 11:45 p.m., with defendant driving, the three men left the Friendly Inn and took Bobby Lee Jarvis to his home one and one-half miles away. About five minutes after arriving at Jarvis' home, defendant and Caddell left in defendant's car to take Caddell to a trailer park off of Union Cross Road where he planned to spend the night. After going approximately four and one-half miles, defendant and Caddell were traveling east on Union Cross Road when they collided with a Datsun pick-up truck in the westbound lane. The force of the impact tore the Nova into two pieces with the front section (occupied by defendant) traveling approximately 170 feet beyond the point of impact.

Where the two vehicles collided Union Cross Road is a paved two-lane rural highway running east and west. The point of impact was in the middle of a no passing zone, and the speed limit there is posted at 55 miles per hour. Proceeding from west to east, the section of Union Cross Road where the accident took place begins with a hillcrest immediately followed by a slight bend to the left and then a straightaway and another bend to the left. Black marks about 188 feet long were left on the road by the Nova beginning just over the hillcrest and extending through the bend to the left up to the point of impact. The Datsun left black marks about 49 feet long ending at the point of impact. Although

the weather was cloudy at the time of the accident, there had been no rain, and the road surface was dry. As a result of the collision, the passenger's side of the front half of the Nova was caved in, and Bobby Caddell's body was thrown from the vehicle. Defendant was discovered lying on the inside roof of the overturned Nova by Deputy Sheriff L. E. Gordon at approximately 12:15 a.m. Gordon helped defendant from the vehicle, wrapped him in a blanket, and told him to sit tight and be calm. When defendant spoke, Officer Gordon noticed a strong smell of alcohol on his breath. While Gordon was checking on the occupants of the Datsun, defendant left the scene of the accident and hitched a ride to his mother's home. Shortly after 1:00 a.m., defendant was taken by ambulance from his mother's house to the hospital. When defendant was questioned at the hospital about what happened he responded, "I guess [I'm here] because I had a wreck." At approximately 2:30 a.m. (two and one-half hours after the collision), a sample of defendant's blood was taken indicating a blood alcohol level of 0.104 grams per 100 milliliters.

As a result of the collision, Bobby Caddell and Nancy Bradley (the passenger in the Datsun) died. Lanny Lee Bradley (driver of the Datsun) sustained injuries which eventually led to his death on 3 May 1988. Defendant was convicted of second degree murder for the death of Mr. Bradley. From a judgment imposing a prison sentence of 20 years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General James B. Richmond, for the State.*

*Assistant Appellate Defender Constance H. Everhart for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant assigns as error the denial of his motions to dismiss at the close of the evidence. He argues that "the evidence was insufficient, as a matter of law, to support all of the elements necessary to a conviction" for second degree murder. Defendant claims the evidence presented at trial was legally insufficient to 1) prove that defendant was driving the Chevrolet Nova at the time of the accident, 2) prove that defendant was at fault in causing the collision, and 3) give rise to a legitimate inference of malice. We disagree.

In ruling on a motion to dismiss for insufficiency of the evidence in a criminal action, "all of the evidence favorable to the State . . . must be deemed true and considered in the light most favorable." *State v. Witherspoon*, 293 N.C. 321, 326, 237 S.E.2d 822, 826 (1977). Furthermore, any "discrepancies and contradictions therein are disregarded and the State is entitled to every inference of fact which may be reasonably deduced therefrom." *Id.* Evidence presented in the case before us tends to show 1) the car involved in the accident was defendant's car to drive, 2) defendant was driving the car when he and Bobby Caddell left Bobby Lee Jarvis' house only 15 minutes before the collision occurred, and 3) the passenger side of the Nova had the most extensive damage and Bobby Caddell, rather than defendant, was thrown from the vehicle and died from injuries sustained in the crash. Such evidence was sufficient to give rise to an inference that defendant was driving the Nova at the time of the collision. Evidence in the record also supports the inference that defendant was at fault regarding the collision in that 1) his blood alcohol level was still over the legal limit two and one-half hours after the time of the accident, 2) the point of impact was in the westbound lane where defendant had been traveling east, and 3) there was a strong smell of alcohol noticed on defendant's breath at the scene of the accident. With respect to the existence of malice in the present case, defendant's argument again has no merit. In legal terms, "malice is not restricted to spite or enmity toward a particular person. It also denotes a wrongful act intentionally done without just cause or excuse [which demonstrates] . . . a willful disregard of the rights of others." *State v. Wilkerson*, 295 N.C. 559, 578, 247 S.E.2d 905, 916 (1978) (*quoting State v. Wrenn*, 279 N.C. 676, 686, 185 S.E.2d 129, 135 (1971) (Sharp, J., dissenting)). The evidence presented suggests that defendant drove his vehicle while intoxicated, at night, and at a high rate of speed. Such evidence is sufficient to support the inference that defendant acted with a "willful disregard of the rights of others."

[2] Defendant next argues that the common law "year and a day rule" required dismissal of the case against him. He relies on *State v. Hefler*, 310 N.C. 135, 310 S.E.2d 310 (1984), as support for the proposition that the "year and a day rule" still applies to murder cases. The Court in *Hefler* declined to extend the rule to bar prosecution for manslaughter but expressed no opinion as to its application in murder prosecutions. Defendant therefore concludes

that the rule still applies in cases like the one now before this Court. The common law "year and a day rule" purports to bar a prosecution for a person's death where death actually occurs more than a year and a day after the time of the injuries inflicted by the defendant. The rationale for this rule was that causation was less certain when the victim's death occurred so long after the defendant's act or omission. *Id.* In the present case, however, there was sufficient evidence to support the conclusion that Lanny Lee Bradley's death was the proximate result of injuries he received in the collision on 11 March 1987. Consequently, defendant's assignment of error is overruled.

Defendant further contends that the trial court erred "in instructing the jury on flight, because the instruction was not supported by the evidence and constituted an improper and prejudicial expression of opinion regarding the evidence." Nevertheless, defendant did not object to the instruction at trial. Thus, he cannot now raise the question for the first time on appeal. This assignment of error has no merit.

[3] Defendant also complains the trial court erred at sentencing by "aggravating defendant's sentence on the basis of prior convictions . . . for joinable offenses for which defendant had been sentenced previously and offenses which did not tend to increase defendant's culpability for this crime." We disagree. At the sentencing hearing, the Assistant District Attorney, while addressing the subject of aggravating factors, informed the trial judge that defendant had been convicted and sentenced for the deaths of Nancy Bradley and Bobby Caddell. Nevertheless, "it is presumed that a trial judge, when sitting as a fact finder, is able to and does sift through the evidence presented, considering only that which is competent, and discarding the rest." *Ayden Tractors v. Gaskins*, 61 N.C. App. 654, 661-62, 301 S.E.2d 523, 528 (1983). In addition to the convictions for joinable offenses, defendant had prior convictions for breaking and entering, larceny, carrying a concealed weapon, and possession of stolen goods. These convictions support the trial judge's finding of an aggravating factor for sentencing purposes. Consequently, defendant's argument has no merit.

[4] Finally, defendant argues that the trial court considered improper factors in sentencing defendant to greater than the presumptive term for second degree murder. The record, however, does not support defendant's contention. Although the trial judge ex-

pressed his frustration with the difficulty of arriving at a just sentence, he properly found one aggravating factor and no mitigating factors. He then imposed a sentence only five years greater than the presumptive term but 30 years less than the maximum term for second degree murder. The record discloses no evidence that the trial judge relied on any factor other than the one he specifically found in sentencing defendant. We therefore conclude that the court considered only competent evidence at the sentencing hearing.

Defendant had a fair trial free from prejudicial error.

No error.

Judges PHILLIPS and EAGLES concur.